## LIABILITY FOR SALE OF LIQUOR RESTS ON ITS UNLAWFULNESS.

Circuit Court of Cuyahoga County.

ROSE HANZEL v. CHARLES TELSCHOW.

Decided, February 1, 1909.

*Intoxicating Liquors—No Recovery for Injury to Third Person if Sale Was Lawful.*

No recovery can be had under Sections 4357 and 4358, Revised Statutes, from one who has sold liquor to another who injured plaintiff while intoxicated, unless the sale of liquor was unlawful.

*H. M. Bull* and *W. C. Rogers*, for plaintiff in error.
*W. T. Clark*, contra.

HENRY, J.; WINCH, J., and METCALFE, J. (sitting in place of Marvin, J.), concur.

The parties here stand in the same relation as that in which they stood below. Upon demurrer to the petition sustained, the court of common pleas rendered a judgment for the defendant below. The action was brought under Sections 4357 and 4358, Revised Statutes, to recover damages alleged to have been sustained by the plaintiff in consequence of the sale by the defendant of intoxicating liquors to her husband, whereby he was made drunk, and while in that condition inflicted the injuries complained of.

The point upon which the decision below turned was that the sales were not alleged to be unlawful; but it is urged here that the necessity of pleading and proving unlawfullness under the authority of *Baker* v. *Beckwith*, 28 O. S., 314, and *Lyon* v. *Fleahman*, 34 Ohio State, 151, is now obviated by the provisions subsequently incorporated into the law by 72 Ohio Laws, 35, and 93 Ohio Laws, 371, providing for notice.

The Supreme Court has not yet construed the requirement of notice in Section 4358, as bearing upon the alleged enlargement of the liability created by Section 4357, but it has passed upon the effect of the general notice in this behalf formerly required

thereby and by Sections 4359 and 4360, Revised Statutes, now repealed, and has clearly intimated in *Mullen* v. *Peak,* 49 O. S., 447, 458-9, and *Casey* v. *Bank,* 50 O. S., 527, that those provisions as to notice did not obviate the necessity of pleading and proving the unlawfulness of the sales of liquor relied on to make out a case of liability, under Section 4357. The opinion of the court in *Kolling* v. *Bennett,* 18 C. C., 425, implies that the same requirement is deemed to exist still under the present statute.

We feel bound by the construction which the Supreme Court has put upon Section 4357, and adhered to after the element of notice was incorporated by the General Assembly into the law. The judgment is therefore affirmed.